# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ALEXANDER SINAI,                )
                                )
        Plaintiff,               )
                                )
    v.                           )    Civ. No. 25-153-CFC
                                )
DEL-ONE FEDERAL CREDIT           )
UNION, *et al.*,                 )
                                )
        Defendants.              )

## MEMORANDUM OPINION

Alexander Sinai, Wilmington, Delaware – *Pro Se* Plaintiff

Elio Battista, Jr., and Madeline Susan Carlson, PARKOWSKI, GUERKE & SWAYZE, P.A., Dover, Delaware – Counsel for Defendants Del-One Federal Credit Union and John Chartrand

April 11, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On February 7, 2025, Plaintiff Alexander Sinai, of Wilmington, Delaware, filed this civil action *pro se* against Defendants Del-One Federal Credit Union and John Chartrand, of Dover, Delaware. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 8.) The Court will grant Plaintiff's motion to amend the Amended Complaint, and the Second Amended Complaint will be the operative pleading. (D.I. 7.) The Court proceeds to review and screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Second Amended Complaint asserts that this case raises a federal question that falls under the purview of the Bureau of Consumer Financial Protection, and not the Federal Trade Commission, as was indicated when this civil action was initiated. (D.I. 7 at 1.) The Second Amended Complaint also asserts that this case raises questions, involving breach of contract, misrepresentation, fair dealing, and unfair practices, under Delaware State law and the Uniform Commercial Code. (*Id.* at 1-2.)

The following facts are taken from the Second Amended Complaint and assumed to be true for purposes of screening this case. *See Shorter v. United States*,

12 F.4th 366, 374 (3d Cir. 2021). In 2024, Defendant Chartrand, the Chief Banking Officer for Defendant Del-One, represented to Plaintiff, "Yes, we can amend the agreements," during a discussion of loans agreements for the reorganization of Plaintiff's business. (D.I. 7-1 at 1-2.) Defendant Del-One then "initiated an unauthorized wire transfer" and "exercised the right of setoff." (*Id.* at 3.) The Second Amended Complaint provides no additional factual information regarding the alleged agreement and transaction.

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

3

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds that the claims asserted in the Second Amended Complaint are outside the Court's subject matter jurisdiction, warranting dismissal without prejudice, which will allow Plaintiff to bring his claims before an appropriate court.

Although the Second Amended Complaint asserts that it raises a federal question, pursuant to the Consumer Financial Protection Act (CFPA), numerous courts have held that there is no private right of action under the CFPA. *See Conway v. U.S. Bank, Nat'l Ass'n*, No. 18-4916, 2018 WL 6417346, at *3 (E.D. Pa. Dec. 6, 2018) (collecting pertinent cases and holding that "there is no private right of action under the [CFPA]; the Act is enforced only by the Bureau of Consumer Financial Protection"); *see also Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir.2007) (explaining that congressional intent is crucial in determining whether a statute includes an implied private right of action); *cf. Dhade v. Huntington Learning Ctr.*,

414 F. Supp. 3d 703, 707 (D. Del. 2019) (finding, in a separate context, that the CFPA did not expand plaintiff's private right of action). The existence of a private cause of action is a "prerequisite for finding federal question jurisdiction." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress"); *Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992) (finding no subject matter jurisdiction because the Internal Revenue Code did not provide for a private federal remedy).

The Court cannot discern from the Second Amended Complaint any other substantial federal question for jurisdictional purposes. *See Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question). To the extent that Plaintiff intends to raise a federal rights claim, pursuant to 42 U.S.C. § 1983, the Complaint does not identify a viable defendant. When bringing a § 1983 claim, Plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint only names private actors as Defendants, they are not alleged to have been "clothed with the authority of state law," *id.* at 49, and their alleged conduct

was not "under color of state law" or otherwise "fairly attributable to the State," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982).

To the extent that Plaintiff, instead, intends to proceed with Delaware State law claims based on diversity jurisdiction, the record does not support this basis for subject matter jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). The parties in this case are all citizens of Delaware. Accordingly, the state law claims asserted in this case cannot proceed based on diversity jurisdiction, and to the extent that the Court has the option of exercising supplemental jurisdiction over any state law claims, it will decline to do so. *See* 28 U.S.C. § 1367(c)(3); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

## V.     **CONCLUSION**

For the above reasons, the Court will grant Plaintiff's motion to amend the Amended Complaint and dismiss the Second Amended Complaint without prejudice for lack of jurisdiction. (D.I. 7.) Amendment is futile, and this case will be closed. Plaintiff's motion for issuance of subpoena will be denied as moot. (D.I. 9.)

An appropriate Order will be entered.